

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00074-CR

Edwin **LOZANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Medina County, Texas
Trial Court No. 34900
Honorable Mark Cashion, Judge Presiding

PER CURIAM

Sitting:       Luz Elena D. Chapa, Justice
                 Irene Rios, Justice
                 Beth Watkins, Justice

Delivered and Filed: April 7, 2021

DISMISSED FOR LACK OF JURISDICTION

Edwin Lozano was ticketed by a Department of Public Safety trooper for speeding on Interstate 35 in Medina County. Lozano was tried and found guilty of the misdemeanor offense by the Justice Court, Precinct 3 of Medina County, Texas. Lozano appealed the conviction to the County Court at Law of Medina County. After a trial de novo to the bench, the county court at law found Lozano guilty and imposed a fifty dollar fine. Lozano filed a notice seeking to appeal the judgment to this court.

In criminal cases that have been appealed from a justice court to a county court at law, this court's jurisdiction is limited to cases in which the fine imposed by the county court at law, exclusive of costs, exceeds one hundred dollars or "the sole issue is the constitutionality of the statute or ordinance on which the conviction is based." TEX. CODE CRIM PROC. art. 4.03. *See Khozindar v. State*, No. 02-14-00515-CR, 2015 WL 3422206, at *2 (Tex. App.—Fort Worth May 28, 2015, pet. ref'd) (mem. op., not designated for publication); *Hernandez v. State*, No. 04-07-00085-CR, 2008 WL 441783, at *1 (Tex. App.—San Antonio Feb. 20, 2008, no pet.) (mem. op., not designated for publication); *Montpas v. State*, 997 S.W.2d 650 (Tex. App.—Dallas 1999, no pet.).

After receiving and reviewing the clerk's record, we ordered Lozano to file a response demonstrating why this appeal should not be dismissed for lack of jurisdiction. Lozano has filed a response in which he enumerates his complaints about the judgment: (1) "there was no probable cause for the vehicle stop" and Lozano not speeding; (2) the complaint should have been filed in the municipal court in Natalia, Texas, close to where the traffic stop occurred, not in the more distant justice court; and (3) the county court at law should not have rescheduled the trial when the state trooper did not appear at the first setting. Lozano does not assert a challenge to the constitutionality of the statute pursuant to which he was convicted.

Because the county court at law did not impose a fine exceeding one hundred dollars and because the sole issue to be appealed is not the constitutionality of the speeding statute, the judgment of the county court at law is final and this court does not have jurisdiction over the appeal. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH